**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-00017- |
| | § | ALM-BD-1 |
| BRANDON LARAY JACKSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Brandon Laray Jackson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 13, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Marissa Miller.

Defendant was sentenced on July 26, 2010, before The Honorable David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance, a Class B felony. This offense carried a statutory minimum term of five years and a maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of V, was 188 to 235 months. The District Court determined that the number of misdemeanors overstated Defendant's criminal history and reduced his criminal history category to IV, instead of V, bringing his guideline imprisonment range to 168 to 210 months. The District Court also granted a variance based on legislation that was pending at the time of sentencing that would have reduced the ratio of crack cocaine to powder from 100 to an 18 to 1 ratio. Defendant was subsequently sentenced below the advisory guideline range to a sentence of 128 months imprisonment, followed by a five-year term of supervised release, subject to the standard conditions of release, plus special

conditions to include substance abuse treatment and the mandatory special assessment. Pursuant to an 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction, on June 23, 2015, Defendant's sentence was reduced from 128 to 115 months imprisonment. The previously ordered conditions remained the same. On August 17, 2018, Defendant completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On January 14, 2022, jurisdiction was transferred from the Northern District of Texas, Dallas Division, to the Eastern District of Texas, Sherman Division and assigned to The Honorable Amos L. Mazzant, III, U.S. Chief District Judge (Dkt. #5 at pp. 1–2, Sealed).

On May 27, 2025, the United States Probation Officer executed an Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #11, Sealed). The Amended Petition asserts that Defendant violated eight (8) conditions of supervision, as follows: (1) & (2) (mandatory) Defendant shall not commit another federal, state, or local crime; (3) (mandatory) Defendant shall not unlawfully possess a controlled substance; (4) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) (special) Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment or narcotic drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment; (6) (standard) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (7) (standard) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; and (8) (special) Defendant shall participate in the Location

Monitoring Program for a period of 180 consecutive days. During this time, Defendant is continuously restricted to his residence except for authorized absences approved in advance by his U.S. Probation Officer. The U.S. Probation Officer may approve absences for gainful employment, religious services, medical care, education and training programs, and other activities. Location Monitoring may be used to monitor compliance with this special condition and may include remote location monitoring using Global Positioning Satellite ("GPS") tracking. Defendant shall contribute to the cost of the monitoring services rendered (copayment) at a rate of at least $3.40 a day, not to exceed the total cost per day of the monitoring services (Dkt. #11 at pp. 1–5, Sealed).

The Amended Petition alleges that Defendant committed the following acts: (1) On October 29, 2021, a Hunt County, Texas, Grand Jury returned a felony Indictment, Docket No. 33915CR, against Defendant that charges him with Manufacture/Delivery of a Controlled Substance, Penalty Group 1, more than or equal to 4 Grams. The case was brought in the 354th Judicial District Court of Hunt County. On November 11, 2020, Defendant was stopped by a Greenville, Texas, police officer for a traffic violation. The officer smelled a strong odor of marijuana and a mild odor of alcohol. A drinking glass, containing a brown liquid with fresh ice and a straw, were observed in the center console. Defendant, who exhibited nervous behavior, admitted the glass contained an alcoholic beverage. A search of Defendant's vehicle revealed several small bags and a small scale that contained methamphetamine in the center console. As Defendant was informed of his imminent arrest, he ran from the location, jumped a fence, and was observed trying to attempt to throw something over the fence. Defendant abandoned his attempted escape when the officer drew his weapon. Police officers found two large plastic bags that contained methamphetamine, 29 Acetaminophen and Hydrocodone Bitrate pills, and seven Alprazolam pills. Defendant was subsequently transported to a hospital due to difficulty breathing.

In route to the hospital, Defendant vomited multiple times, expelling an unknown pill that was collected for evidence. Defendant was later released from the hospital. A search of Defendant's person revealed $525. Defendant was charged with possessing methamphetamine, Alprazolam, and Acetaminophen and Hydrocodone Bitrate and Evading Arrest and transported to the Hunt County Jail. Defendant bonded out of jail on December 5, 2020. Warrant No. W-2000348 was issued by County Court at Law #2 on November 13, 2020; (2) On October 13, 2021, Defendant was named in a one-count Indictment, Docket Number 4:21CR293, returned by the Grand Jury in the Eastern District of Texas, Sherman Division. Count 1 charges Defendant with Possession with Intent to Distribute 5 Grams or More of Methamphetamine (actual) or 50 Grams or More of Methamphetamine. This offense occurred on September 27, 2021, while Defendant was serving a term of supervised release for Possession with Intent to Distribute a Controlled Substance in the Northern District of Texas. According to the arrest report, Hopkins County, Texas, deputies worked with a cooperating defendant ("CD"), who reported that he received large amounts of methamphetamine from Defendant. Multiple recorded telephone calls and text messages were exchanged between Defendant and the CD in which they negotiated a methamphetamine deal. Surveillance teams observed Defendant arrive at the CD's residence in Cumby, Texas, where Defendant completed the transaction. A traffic stop was conducted, and Defendant was arrested. A search of Defendant's person revealed $2,037 in U.S. currency. The narcotics delivered by Defendant to the CD were seized and had a total weight of 115.38 grams. On May 22, 2025, Defendant was sentenced by Chief U.S. District Judge Amos L. Mazzant to 60 months imprisonment followed by five years supervised release. The sentence was ordered to run consecutively to any sentence imposed for violating Defendant's terms and conditions of supervision under Docket No. 4:22CR17, Eastern District of Texas, Sherman Division, and

concurrently to any sentence imposed in Docket No. 33915CR, in the 354th District Court of Hunt County, Texas; (3) & (4) In or about September and October 2019, test results from Pharmchem Inc., reflected that Defendant tested positive for methamphetamine on Pharmchem sweat patch No. 0001370674, a drug detection device applied by U.S. Probation Officer Monica Villegas ("USPO Villegas") on September 20, 2019, and removed on October 16, 2019. In or about October 2019, test results from Pharmchem Inc., reflected that Defendant tested positive for methamphetamine on Pharmchem sweat patch No. 30001334165, a drug detection device applied by USPO Villegas on October 16, 2019, and removed on October 25, 2019. In or about December 2019, test results from Pharmchem Inc., reflected that Defendant tested positive for marijuana on Pharmchem sweat patch No. B0001311891, a drug detection device, applied by USPO Villegas on December 4, 2019, and removed on December 18, 2019. On June 12, 2020, Defendant submitted a urine specimen at Lake Regional MHMR in Greenville, Texas, that tested positive for opiates. A laboratory report from Alere Toxicology verified the specimen was positive for Codeine and Morphine. On August 13, 2020, Defendant submitted a urine specimen at Lake Regional MHMR in Greenville, Texas, that tested positive for opiates. On August 26, 2020, Defendant informed USPO Villegas that he ingested his girlfriend's prescribed Tylenol-3 medication for a headache. A laboratory report from Alere verified the specimen was positive for Codeine and Morphine; (5) During his term of supervised release, Defendant failed to submit urine specimens at Lake Regional MHMR in Greenville, Texas, 22 times between 2018 through 2021. The missed appointments consist of four times in 2018, eight times in 2019, four times in 2020, and six times in 2021. His violation dates include but are not limited to: October 15, 2018; December 29, 2018; January 26, 2019; December 23, 2019; February 3, 2020; November 3, 2020; January 6, 2021; and July 12, 2021. During his term of supervised release, Defendant failed to attend substance abuse

treatment at Lake Regional MHMR in Greenville, Texas, 21 times between 2019 and 2021. Defendant's violation dates include but are not limited to: November 13, 2019; December 11, 2019; January 8, 2020; December 12, 2020; February 5, 2021; and September 29, 2021; (6) Defendant failed to submit a completed written report within the first five days of each month 28 times between 2018 and 2021. Defendant's violation dates include but are not limited to: September 5 and December 5, 2018; January 5 and December 5, 2019; January 5 and December 5, 2020; and January 5 and September 5, 2021. In addition, Defendant failed to report as directed by USPO Villegas to the U.S. Probation Office in Dallas, Texas, on October 7 and 23, 2019 and December 11, 2019; (7) Defendant failed to maintain employment from January 13, 2020, through February 7, 2020; March 2020 through August 2020; and February 2021, until his arrest on new criminal conduct on September 27, 2021; and (8) Defendant failed to follow his designated electronic monitoring schedule. Defendant failed to enter his residence at the designated time 12 times in September 2019; 15 times in October 2019; 20 times in November 2020; 17 times in December 2020; 14 times in January 2021; and four times in February 2021. In addition, Defendant left home without permission on December 22, 2019, January 12, 2020, and January 19, 2020 (Dkt. #11 at pp. 1–5, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegation (1). Defendant entered a plea of true to allegations (2)–(8) in the Amended Petition. Having considered the Amended Petition and the plea of true to allegations (2)–(8), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-four (24) months to run consecutively to any term imposed in 4:21-cr-293, with no term of supervised release to follow. The court further recommends that allegation (1) of the Amended Petition be dismissed.

The court also recommends that Defendant participate in the Residential Drug Abuse Program. The court finally recommends that Defendant be housed in the Seagoville, Texas area, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 7th day of July, 2025.**


AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE